McCLELLAN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Killian McClellan, as administrator of Joseph McClellan, deceased, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and a denial of a motion for a new trial on the minutes, defendant appeals. Reversed. I. R. Oeland, for appellant. S. D. Morris, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

WOODWARD, J. (dissenting). The judgment and order appealed from should be reversed, because the case is absolutely devoid of evidence to support the conclusion that the plaintiff's intestate was free from contributory negligence. The learned counsel for respondent points out no fact, nor any combination of facts, which justifies the inference of any degree of care on the part of plaintiff's intestate, and a careful reading of the evidence forces the conclusion that the judgment is without a foundation in fact upon this portion of the case. It seems to be conceded that the defendant's motorman was guilty of negligence in operating the car, and this is painfully evident from the evidence; but the law requires a concurrence of negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff's intestate in order to charge the defendant with liability, except in those rare cases where the negligence of the injured party is, in point of time, such that the wrongdoer has full opportunity to avoid doing the injury. There is no presumption of freedom from contributory negligence, any more than of negligence, and the plaintiff is bound to establish both of these propositions, either by direct evi-

dence, or by such facts and circumstances as in law justify the inference. It is true that, where the injured party is killed, the courts have been disposed to accept very slight evidence of care in support of the judgment; but they have insisted upon some evidence at all times, and this rule cannot be disregarded here. Plaintiff's intestate was, as the evidence shows, a boy almost 10 years of age, intelligent and in good health, who had lived along the street where this accident occurred for a number of years, and who had attended school, played in the highway, and run errands in the neighborhood, so that he was familiar with the situation, and must be deemed to have known and appreciated the danger incident to a highway traversed by trolley cars. While there is a divergence between the witnesses as to whether this boy started to run diagonally across the intersection of Freeman street and Manhattan avenue in the general direction in which the car was running, or to cross the avenue upon the crosswalk, there is no conflict upon the proposition that he did not appear to know that the car was approaching, and there is not the slightest evidence that he looked or listened, or made any effort whatever to determine the question whether he could cross the street in safety. The evidence of the plaintiff is that there were no teams to obstruct the view in either direction, and that there were few people upon the street; and, while this was introduced evidently for the purpose of showing that the motorman had an abundant opportunity to see the boy, it is obvious that it afforded an equal opportunity for the boy to see the car, if he had exercised any degree of care whatever. We are aware that this accident occurred at a street intersection, where the rights of the parties were equal. We are aware that the plaintiff's intestate had a right to assume that the defendant's car would be under control at this point, and that it was not negligence as a matter of law to attempt to pass in front of an approaching car, which the jury might have found was 75 or 80 feet away when the boy left the curb for the purpose of crossing. But this does not permit a recovery, unless there is some evidence to show that the boy used some degree of care—unless there is some fact or circumstance from which the inference may be properly drawn that he acted upon the theory that, if the defendant discharged its duty, he could pass in safety. The only evidence in the case is that the boy left the curb and ran across the street, apparently without knowing that the car was approaching, although he might, in the exercise of a very slight degree of care, have seen the car within 50 to 80 feet of the crossing at the moment of leaving the curb. If this is the true situation, he cannot recover, because he did not act upon the theory that the defendant would do its duty, but heedlessly ran into, or immediately in front of, a rapidly advancing car. The motorman has the same right to assume that an intelligent person will not, in broad daylight, upon an open and clear highway, run into the track of the approaching car under such circumstances as to make the crossing perilous, that the pedestrian or driver has to assume that the car will be under control at street intersections; and while errors of judgment do not, as a matter of law, constitute contributory negligence, the utter lack of evidence to establish freedom from contributory negligence does not meet the requirements of the law to impose a liability upon the defendant. There must be a concurrence of negligence on the part of the defendant and absence of contributory negligence on the part of the injured party; and this lack of contributory negligence is not to be inferred from the negligence of the defendant, but must be supported by some evidence from which the inference may properly be made by the jury. The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event.